|   |   |   |
|---|---|---|
| 1 | | |
| ... | | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 12-cr-00483 EMC (NC) |
| Plaintiff, | **ORDER DENYING MOTION TO UNSEAL GRAND JURY PROCEEDINGS** |
| v. | |
| PETER WONG, | Re: Dkt. No. 27 |
| Defendant. | |

Defendant Peter Wong moves to unseal the transcripts of the grand jury proceedings that led to his indictment. The issue is whether Wong has made a particularized showing of need to warrant the disclosure of the grand jury proceedings under Federal Rule of Criminal Procedure 6(e)(3)(E). After full briefing and a hearing on the issue, the Court concludes that Wong has not met his burden and DENIES the motion.

## I. BACKGROUND

**A.  Wong's Motion to Unseal the Grand Jury Proceedings**

The grand jury indicted Wong, along with a codefendant Mandi Yagi, for conspiracy to commit theft concerning a federally funded program and for two counts of theft from a federally funded program. Wong moves to unseal the transcript of the grand jury proceedings on the grounds that the indictment "was based upon false or misleading statements by the prosecutor and/or case agent." Dkt. No. 27 at 10. Wong argues that there

is evidence in the record, which the prosecution possessed at the time of the proceedings, which shows that he and Yagi acted in accordance with their fiduciary duties. Had the grand jury had access to this evidence, Wong claims, it could not have indicted him. And, the fact that it did indict him is evidence, Wong contends, that the government misrepresented to the grand jury the evidence in support of indictment. Wong also asserts that the government has a duty to disclose exculpatory evidence to the grand jury, and the grand jury's indictment is evidence that the government breached this duty.

**B.  The Government's Opposition**

The government opposes Wong's motion arguing that he fails to show the particularized need for grand jury materials required to destroy the secrecy of the grand jury proceedings. The government argues that there is no duty on the prosecution to present exculpatory evidence to the grand jury and in support of this contention cites to the Supreme Court's holding in *United States v. Williams*, 504 U.S. 36 (1992), as well as several Ninth Circuit opinions that hold the same: *United States v. Bingham*, 653 F.3d 983 (9th Cir. 2011), *United States v. Navarro*, 608 F.3d 529 (9th Cir. 2010), and *United States v. Isgro*, 974 F.2d 1091 (9th Cir. 1992). The government also contends that defendants cannot challenge grand jury indictments on the adequacy of evidence presented by the government.

In reply, Wong relies on decisions from outside the Ninth Circuit that state that after *Williams*, courts retain supervisory power to ensure the integrity of grand jury proceedings. He also cites to the United States Attorney's Manual which requires a prosecutor to disclose to the grand jury "substantial evidence which directly negates the guilt of the subject" of which the prosecutor "is personally aware." Dkt. No. 45 at 2.

## II. STANDARD OF REVIEW

The grand jury stands "between the accuser and the accused" and secures "the innocent against hasty, malicious and oppressive persecution." *Wood v. Georgia*, 370 U.S. 375, 390 (1962). The grand jury's role is so important that the Constitution guarantees indictment by a grand jury before criminal prosecution can begin. U.S. Const. amend. V. Because of its "dual function of determining if there is probable cause to believe that a

crime has been committed and of protecting citizens against unfounded criminal prosecutions," the grand jury has broad investigatory powers. *Branzburg v. Hayes*, 408 U.S. 665, 686-87 (1972). The grand jury deliberates in secret, determines the course of its investigation, and is not restrained by the procedural and evidentiary rules that govern criminal trials. *United States v. Calandra*, 414 U.S. 338, 343 (1974). "Grand jury secrecy is as important for the protection of the innocent as for the pursuit of the guilty." *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 424 (1983). Secrecy encourages frank and full testimony, insulates witnesses and jurors from retribution and influence, and protects those accused but exonerated from ridicule. *Id.*

Federal Rule of Criminal Procedure 6 codifies the rule of grand jury secrecy. *Id.* at 425. Rule 6(e)(3)(E) authorizes the court to order disclosure either in connection with a judicial proceeding or at the request of the defendant. Fed. R. Crim. P. 6(e)(3)(E)(i), (ii). A defendant who requests disclosure of grand jury proceedings must show a "particularized need" that without the transcript he would be prejudiced. *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 221, 223 (1979). Specifically, the defendant must show "(1) that the desired material will avoid a possible injustice, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that only the relevant parts of the transcripts should be disclosed." *United States v. Perez*, 67 F.3d 1371, 1381 (9th Cir. 1995) *opinion withdrawn in part on reh'g*, 116 F.3d 840 (9th Cir. 1997).

## III. DISCUSSION

**A. Wong's Assertion that the Grand Jury Considered Only Inculpatory Evidence Does Not Constitute Particularized Need.**

Wong argues that had the grand jury considered all of the evidence—for example, that it was common practice for estate administrators to pay estate expenses out of their personal funds and then reimburse themselves from the estate—it would not have indicted him. He seeks disclosure of the grand jury proceedings to validate this theory and challenge the indictment. This argument fails for two reasons.

First, the grand jury may consider all of the evidence, or very little of the evidence, in

determining whether the government has met its burden of probable cause. And, it is not bound by the rules of procedure or evidence. For example, in *Holt v. United States*, the Supreme Court refused to quash an indictment supported by very little evidence, most of which was incompetent. 218 U.S. 245, 247-48 (1910). In *Costello v. United States*, the Supreme Court refused to quash an indictment where all of the evidence before the grand jury was hearsay. 350 U.S. 359, 363 (1956). And most relevantly, the grand jury is under no obligation to consider exculpatory evidence. *United States v. Williams*, 504 U.S. 36, 52 (1992). Thus, even if Wong's assertion were true, it would not justify a challenge to the grand jury's indictment.

An indictment must stand where it is returned by a "legally constituted and unbiased jury." *Costello*, 350 U.S. at 363. Wong makes no allegations of bias or impropriety by the grand jury. Instead, he challenges the scope and quality of the evidence considered by the grand jury, which is exactly the sort of "preliminary trial to determine the competency and adequacy of the evidence before the grand jury" warned against by the Supreme Court in *Costello*. *Id.* Wong's argument that the grand jury should have considered exculpatory evidence is not an injustice and does not warrant destroying the secrecy of the proceedings.

Second, speculation is not sufficient to constitute a particularized need. *United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986). In *Walczak*, the defendant sought the transcripts of the grand jury proceedings in order to show that the grand jury heard no evidence that established the district court's jurisdiction to prosecute him and to show that a law enforcement officer mischaracterized the testimony of other officers. *Id.* The Ninth Circuit held that Walczak's first reason rested upon "incorrect premises" and that his second reason was unsupported by facts and therefore speculative. *Id.* The court affirmed the district court's holding that Walczak had failed to show a particularized need. *Id.*

Here, Wong's reasoning is similarly insufficient to constitute a particularized need. Wong surmises that, if he is able to read the transcript of the grand jury proceedings, it may reveal that the grand jury did not consider exculpatory evidence, which may constitute prejudice that might be grounds for quashing the indictment. At oral argument, Wong's

counsel described the indictment as circumstantial evidence that the grand jury did not consider all of the facts, but Wong has presented no facts either in his brief or at argument, that support his theory. His theory rests upon the incorrect premise that the grand jury must consider all evidence, and it is not supported by any facts, only speculation. Accordingly, Wong has not met his burden.

**B.   Wong Alleges No Facts to Support His Allegation that the Prosecution Mislead the Grand Jury.**

In his motion, Wong asserts that the prosecution made false or misleading statements to the grand jury. In his reply brief, he states that prosecutorial misconduct, such as using false evidence to obtain an indictment, is grounds for quashing an indictment. Wong, however, does not assert any facts that indicate the prosecution engaged in misconduct or presented false evidence to the grand jury. At oral argument, Wong's counsel conceded that his language may have been too strong, and that the best evidence in support of this assertion is circumstantial: because the grand jury indicted Wong, the prosecution must not have presented exculpatory evidence. Wong's bald and unsupported assertions of misconduct not only fail to constitute particularized need, they also undermine his credibility.

Furthermore, Wong incorrectly asserts that the prosecution has a duty to present exculpatory evidence. The law does not impose a duty on the prosecution to present exculpatory evidence to the grand jury. *Williams*, 504 U.S. at 51-55. "It is axiomatic that the grand jury sits not to determine guilt or innocence, but to assess whether there is adequate basis for bringing a criminal charge," and in discharging this duty the grand jury need only hear the prosecutor's side. *Id.* at 51. Therefore, even if the prosecution did not present exculpatory evidence to the grand jury, that was neither a breach of its duty nor prosecutorial misconduct.

Wong relies on an excerpt from the United States Attorney's Manual to argue that there is a department policy to disclose exculpatory evidence. The Supreme Court, not the drafters of the United States Attorney's Manual, determines the contours of constitutional

law. Whatever the internal policy of the department may be, the Supreme Court has expressly stated that prosecutors do not have a duty to present exculpatory evidence to the grand jury.

In arguing that the prosecution had a duty to present exculpatory evidence, Wong, in his motion, fails to cite *Williams*, or any of the Ninth Circuit precedent that echoes its holding, and instead cites to a district court case that the Ninth Circuit, relying on *Williams*, overruled. *See United States v. Isgro*, 974 F.2d 1091, 1096 (9th Cir. 1992). Rule 3.3(a)(3) of the ABA Model Rules of Professional Conduct prohibits an attorney from knowingly failing to disclose controlling authority directly adverse to the position he advocates. This rule is "an important one" and should be faithfully observed. *Transamerica Leasing, Inc. v. Compania Anonima Venezolana de Navegacion*, 93 F.3d 675, 676 (9th Cir. 1996). In his reply brief, Wong makes no attempt to distinguish *Isgro* and does not explain why he cited to the reversed district court opinion. Rather, he relies on cases from outside the Ninth Circuit to continue to argue that the failure to present exculpatory evidence is a sufficient reason to destroy the secrecy of grand jury proceedings. This, too, undermines the credibility of Wong's argument.

## IV. CONCLUSION

Wong has failed to meet his burden of showing a particularized need to disclose the transcripts of the grand jury proceedings. The motion to unseal is DENIED. Any party may object to this order within fourteen days under 28 U.S.C. § 636(b)(1)(A). *See* Criminal L.R. 2-1; Civil L.R. 72-2.

IT IS SO ORDERED.

Date: November 30, 2012

_____
Nathanael M. Cousins
United States Magistrate Judge