UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-12-0483 EMC |
| Plaintiff, | |
| v. | **ORDER RE DEFENDANT YAGI'S MOTIONS FOR SUBPOENAS** |
| MANDY NATCHI YAGI and PETER WONG, | **(Docket Nos. 137, 138)** |
| Defendants. / | |

Defendant Yagi has filed two motions requesting subpoenas seeking records and documents from the San Mateo County District Attorney's Office and the San Mateo County Health and Human Service's Office. Defendant seeks records relating to the safes used by the entities for storing estate property from January 1, 2007 to present.

Good cause appearing, the Court finds this motion appropriate for disposition without a hearing. Crim. Local R. 17-2(a)(1); 47-2(a). Given the circumstances of this case, specifically the impending trial date, the Court finds it proper to immediately issue the subpoenas so as to ensure speedy resolution of any motion to quash brought by either the government or the subpoenaed parties. Accordingly, the Court's issuance of the subpoenas is without prejudice to either the government or the subpoenaed parties moving to quash the subpoenas as unreasonable, oppressive, or for failing to meet the standards of a Rule 17(c) subpoena. *See United States v. Reed*, 726 F.2d 570 (9th Cir. 1984) ("Federal Rule of Criminal Procedure 17(c) requires a showing of relevancy, admissibility, and specificity to support the issuance of a subpoena duces tecum."). Should the government seek to quash the subpoenas, its motion to quash shall address the question of whether it

has standing to challenge a third-party subpoena. *See United States v. Ail*, No. CR 05-325-RE, 2007 WL 1229415, at *4-5 (D.Or. Apr. 24, 2007) (discussing government standing to quash subpoenas directed to a third party).

Any motion brought by the subpoenaed party or the government to quash the requested subpoenas shall be filed no later than noon on Friday, October 11, 2013. Any opposition to a motion to quash shall be filed no later than 5:00pm on Monday.

Further, the Court issues the subpoenas subject to the following modifications, *see* Crim. Local R. 17-2(a)(2) ("In issuing an order granting the motion, the Court may place limits on the scope of the requested production."):

- The proposed subpoena to the Health and Human Service's Office seeks, in part, "Contents of the safe used for storing estate property by the Deputy Public Administrators." The Court finds this request vague and, to the extent Defendant is seeking to determine the contents of the safe over time, this request is duplicative of the earlier request seeking "[r]ecords . . . of the safe used for storing estate property by the Deputy Public Administrators for San Mateo County during the time period of 1/01/2007 to present." It is therefore stricken from the subpoena.

- The Court further finds the temporal scope of the requested subpoenas to be overly broad. The subpoena is therefore modified to request records between January 1, 2007 and June 21, 2012, the date of the indictment in this case.

However, the Court's issuance of the subpoenas is without prejudice to either the government or the subpoenaed parties moving to quash the subpoenas as unreasonable, oppressive, or for failing to meet the standards of a Rule 17(c) subpoena. *See United States v. Reed*, 726 F.2d 570 (9th Cir. 1984) ("Federal Rule of Criminal Procedure 17(c) requires a showing of relevancy, admissibility, and specificity to support the issuance of a subpoena duces tecum.").

Production of documents pursuant to this subpoena shall be on a rolling basis commencing on Wednesday, October 16, 2013 (unless otherwise ordered) and concluding no later than Friday, October 25, 2013. The subpoenaed parties are instructed to search for and prepare to begin production of responsive documents on Tuesday, October 15, 2013, notwithstanding the pendency of any motion to quash. Produced documents shall be provided to counsel for Defendant Yagi who shall, if requested, provide copies to the parties.

Upon presentation of Form 89B by Defendant Yagi to the Clerk of Court, the Clerk is ordered to issue the subpoenas. Defendant Yagi is then ordered to immediately serve the subpoenas, along with this order, on the subpoenaed parties.

IT IS SO ORDERED.

Dated: October 8, 2013

_____
EDWARD M. CHEN
United States District Judge