UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MANDY NATCHI YAGI and PETER WONG,<br><br>    Defendants.<br>_____/ | No. CR-12-0483 EMC<br><br>**ORDER ON PARTIES' PROPOSED VERDICT FORM** |

## **INTRODUCTION**

In its pretrial conference order, this Court indicated its belief that a special verdict form as to Count I (the conspiracy count), would be useful to assist the jury. (Dkt. No. 166, at 39). The Court relied on the Seventh Circuit case of *United States v. Matthews*, 505 F.3d 698 (7th Cir. 2007). In that case, the appellant argued there was a risk that the jurors did not unanimously conclude which overt acts he committed. *Id.* at 709. The court rejected this argument, finding that because one of the overt acts overlapped with a substantive count on which defendant was convicted, it was clear the jury unanimously agreed on at least one overt act. *Id.* The court noted, however, that "if either party had requested . . . a special verdict form on the overt acts, unanimity would not have been an issue in this case. Counsel should seriously consider making such requests in the future." *Id.*

On this basis, this Court ordered the parties to meet and confer regarding the verdict form. The parties have met and conferred and have failed to reach an agreement regarding the use of a special verdict form. Specifically, the government has objected to use of the special verdict form, finding it unnecessary under the law and potentially confusing to the jury. (Dkt. No. 178, at 4). For

1  the following reasons, the Court concludes that the jury will need to unanimously agree on which
2  overt act Defendants committed in order to convict on the conspiracy count, but nonetheless agrees
3  with the government that a special verdict form is inappropriate in this case.  Accordingly, the Court
4  **ADOPTS** the government's proposed verdict form.

## **DISCUSSION**

A. <u>Whether the Jury Must Unanimously Agree as to Which Overt Act Defendants Committed</u>

The Court first turns to the question of whether the jury will need to unanimously agree as to which overt act that was committed in furtherance of the alleged conspiracy. The government is correct that the Ninth Circuit has recently stated that it is "not clear that a district court must instruct a jury that it must make a unanimous finding of which overt act was committed in furtherance of the conspiracy." *United States v. Liu*, 631 F.3d 993, 1001 n.7 (9th Cir. 2011).  The Ninth Circuit recognized that the Supreme Court's plurality opinion in *Schad v. Arizona*, 501 U.S. 624 (1991), "has suggested that a jury need not specifically agree on which overt act was committed." *Id.* The government is also correct that the Seventh Circuit has expressly held that the jury need not agree unanimously on the overt act which was committed.  *See, e.g.*, *United States v. Griggs*, 569 F.3d 341 (7th Cir. 2009) ("We don't think the judge was required (or indeed permitted) to tell the jury that, to convict Moore, it had to agree unanimously on an overt act that at least one of the conspirators had committed.").[1]

However, the government has stipulated to the use of Ninth Circuit Model Jury Instruction 8.20 for the conspiracy count.  (Dkt. No. 117, at 3).  This stipulated instruction includes the following statement:

> Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, *with all of you agreeing on a particular overt act that you find was committed*.

(*Id.* at 39 (emphasis added)).  Further, the comments to model instruction 8.20 provides that this element should be given "if the applicable statute requires proof of an overt act, *e.g., 18 U.S.C. §*

---

[1] The Seventh Circuit found that its earlier *Matthews* decision (upon which this Court relied) had "avoided deciding [this question] because the answer would not have affected the outcome of the appeal." *Id.*

1 *371 (first clause).*" (emphasis added). As a result, given this stipulated instruction and the Ninth

2 Circuit's recognition that is "not clear" to what extent a unanimous finding as to an overt act is

3 required, the Court concludes, for purposes of this case, that the jury will be required to unanimously

4 find which overt act Defendants committed.

5 Because the Court will be providing a jury instruction which requires the jury to agree

6 unanimously as to which particular overt act was committed, the Court concludes that the verdict

7 form does not need to include special unanimity language. *See Weeks v. Angelone*, 528 U.S. 225

8 (2000) ("[A] jury is presumed to follow its instructions . . . .").

## B. A Special Verdict Form Is Inappropriate in this Case

Defendants' proposed special verdict form, however, goes one step further than requiring the jury to unanimously decide which overt act was committed. It only permits the jury to convict the Defendants if it unanimously finds that the Defendants committed an overt act *specifically alleged in the indictment*. This is inappropriate in light of precedent.

Case law establishes that the government is entitled to rely on overt acts not specifically alleged in the indictment. In *Brulay v. United States*, 383 F.2d 345 (9th CIr. 1967), the Ninth Circuit held that a conspiracy conviction may "rest upon the proof of an overt act not charged in the indictment" so long as no undue surprise results. *Id.* at 350-51. The Ninth Circuit has applied this rule in subsequent decisions. For example, in *United States v. Gil*, 58 F.3d 1414 (9th Cir. 1995), the government introduced at trial evidence of an overt act not alleged in the indictment. *Id.* at 1423. The Court held that there was no fatal variance between the indictment and the proof at trial because the disputed act fell "well within the time period of the conspiracy alleged in the indictment. Furthermore, the act in question was consistent with the nature of the conspiracy alleged in the indictment." *Id.*

Other circuits have likewise recognized that the government is entitled to rely on proof of overt acts not alleged in the indictment. *See United States v. Bryan*, 122 F.3d 90, 93 (2d Cir. 1997) ("[D]efendant argues that the district court erred in charging the jury that an overt act not included in the indictment can constitute the foundation of a conspiracy conviction. Defendant's argument fails. The court has specifically held that a conspiracy 'conviction may rest on an overt act not charged in

1 the indictment.'" (quoting *United States v. Armone*, 363 F.2d 385, 400 (2d Cir. 1966)); *United States*
2 *v.* Schurr, 794 F.2d 903, 907 n.4 (3d Cir. 1986) ("It is well settled that the government can prove
3 overt acts not listed in the indictment, so long as there is no prejudice to the defendants
4 thereby."); *United States v. Harris*, 542 F.2d 1283, 1300 (7th Cir. 1976) ("Evidence of overt acts
5 which occurred after a conspiracy was formed and which were related to the object of the conspiracy
6 is admissible regardless of whether the overt acts are charged in the indictment. Indeed, it has been
7 held that a conviction for conspiracy may rest on proof of an overt act not charged in the
8 indictment." (citation omitted)).
9     In light of this case law, Defendants' proposed special verdict form for Count I would
10 improperly limit the jury to considering the overt acts alleged in the indictment. Defendants will not
11 be prejudiced or unduly surprised by the introduction of evidence of overt acts not expressly alleged
12 in the indictment. The second superseding indictment alleged, under the conspiracy count:

> 9. In their official capacities as deputy public administrators, YAGI and WONG had access to the assets—including cash, financial instruments, bank accounts, and valuable items such as jewelry---of the estates they administered.
> 10. YAGI and WONG used this access to take possession of estate assets for their personal benefit and for the benefit of persons other than the rightful owners.

17 (Dkt. No. 126, at 7). The indictment also makes clear that the overt acts alleged in the indictment
18 are "among others" which Defendants allegedly committed. (*Id.*) To the extent the additional overt
19 acts consist of alleged estate property which was seized from Defendants' homes on December 20,
20 2011, Defendants have been on notice since that date that such property could be used as evidence at
21 trial in furtherance of the alleged conspiracy. Further, as detailed in this Courts pretrial conference
22 order, the government provided the Defendants on July 15, 2013, a general description of the
23 "uncharged acts" upon which it would be relying. (Dkt. No. 166, at 12-19). Finally, this Court
24 ordered the government to provide specific notice of the precise acts it would seek to introduce into
25 evidence (including the exhibits and witnesses that would be used to prove that act) specifically to
26 eliminate the risk of unfair surprise. (*Id.* at 18-19). The government has provided this notice. (Dkt.
27 No. 168). As a result, the Defense will not suffer undue surprise at the introduction of evidence
28

regarding overt acts not specifically alleged in the indictment, and these acts may form the basis of a conspiracy conviction.

## **CONCLUSION**

For the foregoing reasons, the Court will instruct the jury that it must unanimously agree on which particular overt acts Defendants committed in order to convict them of Count I, as stipulated by the parties. However, the Court concludes that this overt act need not be one expressly charged in the indictment. Finally, in light of the above, the Court concludes that a special verdict form is unnecessary and therefore **ADOPTS** the government's proposed verdict form. (Dkt. No. 118).

IT IS SO ORDERED.

Dated: October 25, 2013

_____
EDWARD M. CHEN
United States District Judge