UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

MANDY NATCHI YAGI and PETER WONG,

        Defendants.

_____/

No. CR-12-0483 EMC

**ORDER RE COURT'S JURY INSTRUCTIONS**

      The Court has considered the arguments of the parties and stipulations regarding the instructions to be given to the jury. Attached is the final version of those instructions which the Court will give to the jury.

      The Court has highlighted the changes to the comment section from the prior proposed instructions. In addition, the Court has removed a number of proposed instructions that no longer appear relevant to these proceedings. Specifically the Court has removed:

•      Former Instruction No. 20 (Defendant's Decision Not to Testify)

•      Former Instruction No. 31 (Impeachment Evidence—Witness)

•      Former Instruction No. 32 (Charts and Summaries in Evidence)

//

//

//

//

//

1    •      Former Instruction No. 33 (Summaries Not Received in Evidence)

2

3         IT IS SO ORDERED.

4

5    Dated:  November 18, 2013

6                                                      _____

7                                           EDWARD M. CHEN
                                            United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PRELIMINARY INSTRUCTIONS]**

**JURY INSTRUCTION NO. 1**

**DUTY OF JURY**

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed written instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be – that is entirely up to you.

Comment: Ninth Circuit Model Jury Instruction 1.1.

**JURY INSTRUCTION NO. 2**

**THE CHARGE – PRESUMPTION OF INNOCENCE**

This is a criminal case brought by the United States government. The government charges both defendants with conspiracy to commit theft concerning a federally funded program and with theft concerning a federally funded program and aiding and abetting that theft. The government charges defendant Wong with one count of mail fraud and one count of aggravated identity theft. The charges against the defendant are contained in the indictment. The indictment simply describes the charges the government brings against the defendants. The indictment is not evidence and does not prove anything.

The defendants have pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendants have the right to remain silent and never have to prove innocence or to present any evidence.

Comment: Ninth Circuit Model Jury Instruction 1.2.

**JURY INSTRUCTION NO. 3**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness; and

(2)     the exhibits which are received in evidence; and

(3)     any facts to which the parties agree.

Comment:  Ninth Circuit Model Jury Instruction 1.3.

# JURY INSTRUCTION NO. 4

## WHAT IS NOT EVIDENCE

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)     statements and arguments of the attorneys;

(2)     questions and objections of the attorneys;

(3)     testimony that I instruct you to disregard; and

(4)     anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Comment:  Ninth Circuit Model Jury Instruction 1.4.

# JURY INSTRUCTION NO. 5

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Comment:  Ninth Circuit Model Jury Instruction 1.5.

**JURY INSTRUCTION NO. 6**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Comment: Ninth Circuit Model Jury Instruction 1.6.

**JURY INSTRUCTION NO. 7**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Comment:  Ninth Circuit Model Jury Instruction 1.7.

**JURY INSTRUCTION NO. 8**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen

to any news or media accounts or commentary about the case or
anything to do with it; do not do any research, such as consulting
dictionaries, searching the Internet or using other reference materials;
and do not make any investigation or in any other way try to learn
about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Comment:  Ninth Circuit Model Jury Instruction 1.8.

**JURY INSTRUCTION 9**

**NO TRANSCRIPT AVAILABLE TO JURY**

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

Comment: Ninth Circuit Model Jury Instruction 1.9.

**JURY INSTRUCTION NO. 10**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the envelope in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Comment:  Ninth Circuit Model Jury Instruction 1.10.

**JURY INSTRUCTION NO. 11**

**OUTLINE OF TRIAL**

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Comment:  Ninth Circuit Model Jury Instruction 1.11.

**JURY INSTRUCTION NO. 12**

**SEPARATE CONSIDERATION FOR EACH DEFENDANT**


Although the defendants are being tried together, you must give separate consideration to each defendant.  In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against some other defendant.  The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant.


Comment: Ninth Circuit Model Jury Instruction 1.13.

**[INSTRUCTIONS IN THE COURSE OF TRIAL]**

**JURY INSTRUCTION NO. 13**

**CAUTIONARY INSTRUCTION – FIRST RECESS**

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to my Courtroom Deputy Clerk Betty Lee to give to me.

Comment:  Ninth Circuit Model Jury Instruction 2.1.

United States District Court
For the Northern District of California

**JURY INSTRUCTION NO. 14**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.

Comment:  Ninth Circuit Model Jury Instruction 2.2.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 15**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that have been provided to you in Exhibit [ ].  You should therefore treat these facts as having been proved.

Comment:  Ninth Circuit Model Jury Instruction 2.4.

**JURY INSTRUCTION NO. 16**

**EVIDENCE FOR LIMITED PURPOSE**

You are about to hear evidence from the defendant(s) (or a witness called by the defendants) regarding prior statements made by one of the defendants. I instruct you that this evidence is admitted only for the limited purpose of the defendant's state of mind and, therefore, you must consider it only for that limited purpose and not for any other purpose.

Comment: Ninth Circuit Model Instruction 2.11.

The government proposes this instruction to clarify that prior statements by Defendants may only be considered for purposes of establishing the Defendants' state of mind at the time. The Court agrees to give this instruction.

**[INSTRUCTIONS AT THE CLOSE OF EVIDENCE]**

**JURY INSTRUCTION NO. 17**

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

Comment: Ninth Circuit Jury Instruction 3.1.

**JURY INSTRUCTION NO. 18**

**CHARGE AGAINST DEFENDANT**

**NOT EVIDENCE – PRESUMPTION OF INNOCENCE – BURDEN OF PROOF**

The indictment is not evidence. The defendants have pleaded not guilty to the charges. The defendants are presumed to be innocent unless and until the government proves the defendants guilty beyond a reasonable doubt. In addition, the defendants do not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

Comment: Ninth Circuit Model Jury Instruction 3.2.

**JURY INSTRUCTION NO. 19**

**DEFENDANT'S DECISION TO TESTIFY**

The defendant have testified.  You should treat this testimony just as you would the testimony of any other witness.

Comment:  Ninth Circuit Model Jury Instructions 3.4.

**JURY INSTRUCTION NO. 20**

**REASONABLE DOUBT – DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Comment:  Ninth Circuit Model Jury Instruction 3.5.

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness; and

(2)     the exhibits received in evidence; and

(3)     any facts to which the parties have agreed.

Comment:  Ninth Circuit Model Jury Instruction 3.6.

United States District Court

For the Northern District of California

# JURY INSTRUCTION NO. 22

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Comment: Ninth Circuit Model Jury Instruction 3.7.

**JURY INSTRUCTION NO. 23**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Comment: Ninth Circuit Model Jury Instruction 3.8.

**JURY INSTRUCTION NO. 24**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the witness's opportunity and ability to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Comment: Ninth Circuit Model Jury Instruction 3.9.

**JURY INSTRUCTION NO. 25**

**SEPARATE CONSIDERATION OF MULTIPLE COUNTS—MULTIPLE DEFENDANTS**

A separate crime is charged against one or more of the defendants in each count.  The charges have been joined for trial.  You must decide the case of each defendant on each crime charged against that defendant separately.  Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant.

Comment: Ninth Circuit Model Jury Instruction 3.13.

# JURY INSTRUCTION NO. 26

## INTENT TO DEFRAUD—DEFINED

An intent to defraud is an intent to deceive or cheat.

Comment: Ninth Circuit Model Jury Instruction 3.16.

**JURY INSTRUCTION NO. 27**

**STATEMENTS BY DEFENDANT**


You have heard testimony that the defendants made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.


Comment: Ninth Circuit Model Jury Instruction 4.1.

**JURY INSTRUCTION NO. 28**

**OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT**

You have heard evidence that the defendants committed other acts not charged here.  You may consider this evidence for its bearing, if any, on the question of the defendants' intent and for no other purpose.  You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

Comment:  Ninth Circuit Model Jury Instruction 2.10.

Originally the Court proposed a modified "other act" instruction in light of the fact that the Court had excluded any Rule 404(b) "other act" evidence as needlessly cumulative under Rule 403.  The modified instruction stated that any evidence of "uncharged acts" could only be used to determine the scope or existence of the conspiracy.

In light of the Court's reconsideration of the Rule 404(b) issue and the admittance of evidence under Rule 404(b) (*see* Dkt. Nos. 201, 208), the Court finds Ninth Circuit Model Jury Instruction 2.10 appropriate.  The Court also notes that this is the instruction to which the parties originally stipulated.  Dkt. No. 117, at 21.

**JURY INSTRUCTION NO. 29**

**EVIDENCE FOR LIMITED PURPOSE**

You have heard evidence from the defendant(s) (or witnesses called by the defendants) regarding prior statements made by one of the defendants.  I instruct you that this evidence is admitted only for the limited purpose of the defendant's state of mind and, therefore, you must consider it only for that limited purpose and not for any other purpose.

Comment: Ninth Circuit Model Instruction 2.11.

The government proposes this instruction to clarify that prior statements by Defendants may only be considered for purposes of establishing the Defendants' state of mind at the time.  The Court agrees to give this instruction.

**JURY INSTRUCTION NO. 30**

**COUNT ONE**

**CONSPIRACY – ELEMENTS**

The defendants are charged in Count One of the indictment with conspiring to commit theft concerning a federally funded program in violation of Section 371 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following evidences beyond a reasonable doubt:

First, beginning on an unknown date but no later than on or about March 23, 2009, and ending on or about December 6, 2011, there was an agreement between two or more persons to commit at least one crime as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of a common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully

joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, not merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not required to prove that the defendant personally did one of the overt acts.

Comment: Ninth Circuit Model Jury Instruction 8.20.

**JURY INSTRUCTION NO. 31**

**CONSPIRACY—KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS**

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other defendant in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

If is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

Comment: Ninth Circuit Model Jury Instruction 8.23.

**JURY INSTRUCTION NO. 32**

**COUNTS TWO THROUGH SIX—THEFT CONCERNING A PROGRAM RECEIVING**

**FEDERAL FUNDS—ELEMENTS**

Count Two charges both defendants with theft concerning a federally funded program concerning the theft of $5,000 belonging to the Estate of Samuel D. Gerstein in or about November 2010 and aiding and abetting the same. Count Three charges defendant Wong with theft concerning a federally funded program concerning jewelry belonging to the Estate of Rickey D. Bates in or about May 2011. Count Four charges defendant Wong with theft concerning a federally funded program concerning $206,412.78 in proceeds from certificates of deposit belonging to the Estate of Dwight S. Lovell in or about June 2011. Count Five charges both defendants with theft concerning a federally funded program concerning property belonging to decedent estates found in the metal box stored in the residence of Patricia J. Madison on or about June 30, 2011, and aiding and abetting the same. County Six charges defendant Wong with theft concerning a federally funded program concerning the $10,000 series HH savings bond belonging to the Estate of Dwight S. Lovell on or about November 15, 2011.

In order for the defendant to be found guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

First, that at the time alleged in the indictment, the defendant was an agent of the San Mateo County government;

Second, that in a one-year period, the San Mateo County government received federal benefits in excess of $10,000;

Third, that the defendant stole, embezzled, obtained by fraud, knowingly converted, or intentionally misapplied property;

Fourth, that the property stolen, embezzled, obtained by fraud, knowingly converted, or intentionally misapplied was in the care, custody or control of the San Mateo County government; and

1    Fifth, that the value of the property stolen, embezzled, obtained by fraud, knowingly

2    converted, or intentionally misapplied was at least $5,000.

3

4

5    Comment: Third Circuit Model Jury Instruction 6.18.666A1A.

6         Defendants object to this instruction and propose a replacement jury instruction. (Dkt. No.

7    102, at 5). The one material difference between Defendants' proposed instruction and the Third

8    Circuit Model Jury Instruction proffered by the government is the statement in the Defendants'

9    proposed instruction that defendants "did knowingly and with an intent to injure or defraud,

10   embezzle, steal, obtain by fraud, or otherwise without authority convert to the use of a person other

11   than the rightful owners this property." (*Id.*) In support of this "intent to injure or defraud" element,

12   Defendants cite *United States v. Castro*, 887 F.2d 988 (9th Cir. 1989) and *United States v. Strozek*,

13   783 F.2d 891 (9th Cir. 1989). These cases stand for the proposition that 18 U.S.C. § 656

14   (misapplying bank funds) has as an essential element the "intent to injure or defraud" a bank. *See*

15   *Castro*, 887 F.2d at 994; *Strozek*, 783 F.2d at 893.

16        The government objects to defendant's proposed instruction, arguing that while 18 U.S.C. §

17   656 has as an element the "intent to injure or defraud," this requirement is not contained in § 666.

18        The Court adopts the Model Third Circuit Model Jury Instruction 6.18.666A1A and rejects

19   Defendants' proposed instruction on this point. Despite the lack of any such requirement in the plain

20   text of §656, a number of circuits have held that § 656 requires a showing that defendant acted with

21   an "intent to injure or defraud." *See, e.g.*, *Castro*, 887 F.2d at 994. By contrast, courts have held

22   that there is no such requirement under § 666. *See United States v. Wadena*, 152 F.3d 831, 855 (8th

23   Cir. 1998) ("Clark and Wadena claim that the district court failed to instruct the jury that, with

24   respect to violations of 18 U.S.C. § 666 . . . , the jury must find they acted with an intent to injure or

25   defraud. We disagree. Neither § 666 nor § 1163 contain such a requirement."); *see also United*

26   *States v. Karron*, 348 F. App'x 632, 633 (2d Cir. 2009) (holding that "intentional misapplication" of

27   funds under 18 U.S.C. § 666 did not require a showing of "intent to defraud" because it could

28   include misuse of funds for "otherwise legitimate purposes").

Further, none of the Circuits which have provided a model jury instruction regarding 18 U.S.C. § 666 include an "intent to injure or defraud" element. *See* Third Circuit Model Jury Instruction 6.18.666A1A; Fifth Circuit Model Jury Instruction 2.37A; Seventh Circuit Model Jury Instruction 18 U.S.C. § 666(a)(1)(A); Eighth Circuit Model Jury Instruction 6.18.666A. While not binding on this Court, these model jury instructions are persuasive authority.

Finally, the Court notes that Jury Instruction 39 defines "stole," "embezzled," "obtained by fraud," "knowingly converted," or "intentionally misapplied" and that these definitions include various mens rea requirements the government will have to meet.

Pursuant to the parties' stipulation, the Court has modified this instruction to replace the initials of the alleged victim-decedents with their full names.

**JURY INSTRUCTION NO. 33**

**COUNTS TWO THROUGH SIX—THEFT CONCERNING A PROGRAM RECEIVING**

**FEDERAL FUNDS—AGENT OF ORGANIZATION OR GOVERNMENT DEFINED**

The first element the government must prove beyond a reasonable doubt is that at the time alleged in the indictment, the defendant was an agent of the San Mateo County government.

An "agent" is a person authorized to act on behalf of another person, organization or government. Employees, partners, directors, officers, managers, and representatives are all agents of the organization or government with which they are associated.

An agent does not necessarily have any control over the federal funds received by the county government.

Comment: Third Circuit Model Jury Instruction 6.18.666A1A-1.

**JURY INSTRUCTION NO. 34**

**COUNTS TWO THROUGH SIX—THEFT CONCERNING A PROGRAM RECEIVING FEDERAL FUNDS—RECEIVED FEDERAL FUNDS DEFINED**

The second element the government must prove beyond a reasonable doubt is that in a one-year period, the San Mateo government received federal benefits in excess of $10,000.

To prove this element, the government must establish that the San Mateo County government received, during a one-year period encompassing the date specified in each count, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or some other form of federal assistance.

Comment: Third Circuit Model Jury Instruction 6.18.666A1A-2.

**JURY INSTRUCTION NO. 35**

**COUNTS TWO THROUGH SIX—THEFT CONCERNING A PROGRAM RECEIVING FEDERAL FUNDS—STOLE, EMBEZZLED, CONVERTED, AND MISAPPLIED DEFINED**

The third element the government must prove beyond a reasonable doubt is that the defendants stole, embezzled, obtained by fraud, knowingly converted, or intentionally misapplied property.

To steal money or property means to take someone else's money or property without the owner's consent with the intent to deprive the owner of the value of that money or property.

To embezzle money or property means to wrongfully, intentionally take or convert to one's own use money or property of another after that money or property lawfully came into the possession of the person taking it by virtue of some office, employment, or position of trust.

To obtain by fraud means to act knowingly and with intent to deceive or cheat, usually for the purpose of causing financial loss to someone else or bringing about a financial gain to oneself or another.

To knowingly convert money or property means to knowingly appropriate or use such money or property without proper authority for the benefit of oneself or any other person who was not the rightful owner with the intent to deprive the rightful owner of the money or property.

To intentionally misapply money or property means to intentionally use money or property under the care, custody, or control of a government, knowing that such use is unauthorized or unjustifiable or wrongful. Misapplication includes the wrongful use of the money or property for an unauthorized purpose, even if such use benefitted the government or the person(s) for whom the property was under the government's care, custody, or control.

Comment: Third Circuit Model Jury Instruction 6.18.666A1A-3; Fifth Circuit Model Jury Instruction 2.37A (as to the definition of "obtain by fraud" and "embezzlement").

41

1    The Court will modify the Third Circuit's model instruction with the Fifth Circuit's definition

2   of "obtain by fraud."  The Court believes this makes clearer to the jury that to "obtain by fraud"

3   requires an intent to deceive or cheat.  Similarly, the Court has modified the definition of

4   "embezzlement" with the requirement that the intentional taking or converting be "wrongful" as

5   called for in the Fifth Circuit model instruction.  *Cf. United States v. Ross*, 206 F.3d 896, 899 (9th

6   Cir. 2000) ("Indeed, the word 'embezzle' connotes to both lawyers and laymen that the act was

7   performed with wrongful intent." (internal quotation marks omitted)).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 36**

**COUNTS TWO THROUGH SIX—THEFT CONCERNING A PROGRAM RECEIVING FEDERAL FUNDS—BELONGING TO AND IN THE CARE, CUSTODY, OR CONTROL OF DEFINED**

The fourth element the government must prove beyond a reasonable doubt is that the property stolen, embezzled, obtained by fraud, knowingly converted, or intentionally misapplied was in the care, custody, or control of the San Mateo County government.

Although the words "care," "custody," and "control" have slightly different meanings, for the purposes of this element they express a similar idea. That is that the San Mateo County government had control over and responsibility for the property even though it was not the actual owner of the property at the time of the defendant's action.

Comment. Third Circuit Model Jury Instruction 6.18.666A1A-4.

**JURY INSTRUCTION NO. 37**

**COUNTS TWO THROUGH SIX—THEFT CONCERNING A PROGRAM RECEIVING**

**FEDERAL FUNDS—DETERMINING VALUE OF PROPERTY DEFINED**

The fifth and final element the government must prove beyond a reasonable doubt is that the value of the property stolen, embezzled, obtained by fraud, knowingly converted, or intentionally misapplied was at least $5,000.  The government is not required to prove the exact amount of money or the value of the property at issue, but the government must prove beyond a reasonable doubt that the value of the money or property was $5,000 or more.

The word "value" means face, par or market value, or cost price, either wholesale or retail, whichever is greater.  "Market value" means the price a willing buyer would pay a willing seller at the time the property was stolen.

If you find that the defendants devised a scheme or plan to take sums of money or property under the care, custody, or control of the San Mateo County government, on a recurring basis through a series of acts, you may aggregate or add up the value of property obtained from this series of acts by defendants to meet this $5,000 requirement so long as those acts occur within the same one-year time period.

The government does not have to prove that the property stolen, embezzled, obtained by fraud, knowingly converted, or intentionally misapplied by the defendants was received by the San Mateo County government as federal benefits or derived from the federal benefits received by the San Mateo County government.  What the government must prove beyond a reasonable doubt is that the defendants stole, embezzled, obtained by fraud, knowingly converted, or intentionally misapplied from the San Mateo County government at the same time that the San Mateo County government received federal benefits in excess of $10,000 during a one-year period.  In other words, the government does not need to establish a connection between the criminal activity and the federal funds.

Comment: Third Circuit Model Jury Instruction 6.18.666A1A-5

**JURY INSTRUCTION NO. 38**

**AIDING AND ABETTING**

A defendant may be found guilty of theft concerning a federally funded program, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, theft concerning a federally funded program was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced, or procured that person to commit each element of theft from a federally funded program; and

Third, the defendant acted before the crime was completed. It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit theft from a federally funded program.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

Comment: Ninth Circuit Model Jury Instruction 5.1.

**JURY INSTRUCTION NO. 39**

**MAIL FRAUD—SCHEME TO DEFRAUD OR TO OBTAIN MONEY BY FALSE PRETENSES**

Defendant Wong is charged in Count Seven of the indictment with mail fraud in violation of Section 1341 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

Comment: Ninth Circuit Model Jury Instruction 8.121.

The government has argued that it is not necessary for them to show that the scheme or intent to defraud existed at the time the letter was mailed, arguing instead that the "mail" requirement is merely a jurisdictional hook. The Court disagrees. Section 1341 expressly provides that the mailing in question must be for "the purpose of executing such scheme or artifice" to defraud. Accordingly,

courts have reversed convictions for mail fraud where the evidence showed that the letters which were the subject of the mail fraud counts were mailed prior to the origination of the scheme. *See, e.g.*, *United States v. Nance*, 502 F.2d 615, 618 (8th Cir. 1974).

**JURY INSTRUCTION NO. 40**

**FRAUD IN CONNECTION WITH IDENTIFICATION DOCUMENTS—AGGRAVATED IDENTITY THEFT**

Defendant Wong is charged in Count Eight of the indictment with aggravated identity theft in violation of Section 1028A of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed or used without legal authority a means of identification of another person; and

Second, the defendant knew that the means of identification belonged to a real person; and

Third, the defendant did so during and in relation to the crime of mail or wire fraud.

The word "person" includes both living and deceased persons, and the government is not required to prove that the defendant knew the person was living when the defendant committed the crime of aggravated identity theft.

The terms "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any social security number, date of birth, driver's license number, or bank account number.

Comment: Ninth Circuit Model Jury Instruction 8.83; 18 U.S.C. §§ 1028(d)(7)(D), 1029(e)(1) (defining "means of identification"); *United States v. Maciel-Alcala*, 612 F.3d 1092 (9th Cir. 2010) (holding that "another person" in includes both living and deceased persons); *United States v. Onyesoh*, 674 F.3d 1157, 1160 (9th Cir. 2012) (bank account number is an access device).

The government has requested that this instruction be corrected to reflect the fact that Defendant Wong is charged in the indictment both with unauthorized possession and use of another person's identification. The Court agrees. The Second Superseding Indictment expressly alleges that Defendant Wong "did knowingly possess and use." (Dkt. No. 126, at 5). Further, the law establishes that a Defendant may be convicted under 18 U.S.C. § 1028A for exceeding the

48

authorized use of an individual's identification, even where they were authorized to possess the identification. *See United States v. Reynolds*, 710 F.3d 434, 436 (D.C. Cir. 2013) ("'[U]se . . . without lawful authority' easily encompasses situations in which a defendant gains access to identity information legitimately but then uses it illegitimately—in excess of the authority granted."). Accordingly, the Court has modified the first element to read "First, the defendant knowingly possessed or used without legal authority . . . ."

**JURY INSTRUCTION NO. 41**

**KNOWINGLY—DEFINED**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his or her acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions along with all the other evidence, in deciding whether the defendant acted knowingly.

Comment: Ninth Circuit Model Jury Instruction 5.6.

**JURY INSTRUCTION NO. 42**

**AUTHORITY OF AN AGENT**

An agent's authority may be "express" or "implied."

Express authority is authority the principal intentionally confers upon the agent.

Implied authority is authority which the principle intentionally, or by want of ordinary care, allows the agent to reasonably believe himself or herself to possess. In other words, implied authority arises as a result of conduct on the part of the principal which causes the agent to reasonably believe that the agent has authority to act. Implied authority may be established informally by the conduct of the parties.

An agent's implied authority also includes the authority to do those acts which are necessary or proper and usual, in the ordinary course of business, for effecting the purpose of his or her agency.

Comment: Cal. Civ. Code §§ 2316, 2319; *In re Nelson*, 761 F.2d 1320, 1322 (9th Cir. 1985); *Tomerlin v. Canadian Indem. Co.*, 61 Cal. 2d 638 (1964) (in bank).

The government objects to the inclusion of any instruction on the authority of agents on the ground that it is not based on a pattern instruction, is unnecessary to the extent the parties have stipulated to the use of the Third Circuit's pattern instruction defining an agent, and consists of "considerable argument designed to persuade the jury that the defendants had implied authority to do what they did." (Dkt. No. 148, at 2). The Court, however, concludes it will give this instruction conditioned on there being an evidentiary basis (for example, in the form of Defendants' testimony) to support the instruction.

Defendants object to this instruction to the degree it failed to include provisions stating that (1) implied authority includes the authority to do those acts which are "necessary" to carrying out the principal's purpose, and (2) that implied authority can arise by operation of law. The Court agrees with Defendant regarding the first point as California law expressly provides that implied authority includes the authority to take those necessary, usual acts for effecting the purpose of the principal's purpose, and has added language to that effect. Cal. Civ. Code § 2319. The Court

disagrees, however, with Defendants' second point. Defendants have cited no California authority for the proposition that an agent's authority can spring forward by operation of law and the Court has found none.

To the extent Defendants wish to argue that they believed their actions were required under some provision of the California Probate Code, they may so argue that such belief negates the intent requirements of "embezzlement," "Fraud," "knowing conversion," or intentional misapplication of authority" contained in Instruction 39. The government has argued such a mistake would be one of law and cannot serve as a defense. The Court disagrees.

In *United States v. Fierros*, 692 F.2d 1291 (9th Cir. 1982), the Ninth Circuit recognized that a mistake of fact defense is available where the defendant "is ignorant of an independently determined legal status or condition that is one of the operative facts of the crime." *Id.* at 1294. The Court used as an example its earlier decision in *United States v. Petersen*, 513 F.2d 1133 (9th Cir. 1975). *Petersen* involved a case where the "defendant was charged with embezzlement of theft or federal property in violation of 18 U.S.C. § 641, a crime requiring proof of specific intent." *Id.* at 1294. The Court "held there that Peteresen was entitled to an instruction on his defense that he reasonably believed that the person from whom he bought the property was legally authorized to sell it. In such a case, the mistake of law is for practical purposes a mistake of fact." *Id.*

Like the statute involved in *Petersen*, 18 U.S.C. § 666(a)(1) is a specific intent crime. *See, e.g.*, *United States v. Weaver*, 220 F. App'x 88, 91 (3d Cir. 2007) ("Similarly, a conviction for theft from a federally funded program under 17 U.S.C. § 666(a)(1)(A) requires a specific intent to convert money or property from the program."). It does not appear that Defendants are attempting to claim a classic "ignorance of law" defense (i.e., they did not know their conduct was against the law and therefore cannot be found guilty, *see Fierros*, 692 F.2d at 1294), but rather that their mistake as to their authority to engage in their actions negates the specific mental states required under § 666(a)(1). The Court will permit the Defendants to make this argument.

**JURY INSTRUCTION NO. 43**

**DUTY TO DELIBERATE**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Comment: Ninth Circuit Model Jury Instruction 7.1.

**JURY INSTRUCTION NO. 44**

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the

court immediately.

Comment:  Ninth Circuit Model Jury Instruction 7.2.

**JURY INSTRUCTION NO. 45**

**USE OF NOTES**


Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.


Comment:  Ninth Circuit Model Jury Instruction 7.3.

**JURY INSTRUCTION NO. 46**

**JURY CONSIDERATION OF PUNISHMENT**


The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.


Comment:  Ninth Circuit Model Jury Instruction 7.4.

**JURY INSTRUCTION NO. 47**

**VERDICT FORM**


A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the deputy courtroom clerk that you are ready to return to the courtroom.


Comment:  Ninth Circuit Model Jury Instruction 7.5.

**JURY INSTRUCTION NO. 48**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Clerk Betty Lee, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Comment: Ninth Circuit Model Jury Instruction 7.6.

1    **JURY INSTRUCTION NO. __**

2    **MISTAKE OF FACT**

3

4    ~~The Defendants have raised as a defense that their belief that they were authorized to engage~~

5    ~~in each of the actions underlying the charged offenses, even if shown to be mistaken, shows that they~~

6    ~~did not have the knowledge or intent required to be guilty of the offenses charged in the indictment.~~

7    ~~It is the government's burden to prove beyond a reasonable doubt that Defendants had the~~

8    ~~knowledge or intent required for the offenses charged in the indictment. If, after considering all the~~

9    ~~evidence in this case, you have a reasonable doubt about whether Defendant Yagi or Defendant~~

10   ~~Wong had the knowledge or intent required for an offense charged in the indictment, either because~~

11   ~~you find that he or she had an honest belief that their actions were authorized or for any other reason,~~

12   ~~you must find that Defendant not guilty of that offense.~~

13

14   Comment: Third Circuit Model Jury Instruction 8.01.

15   As detailed above, the Court indicated it was inclined to give this instruction if a foundation

16   for it was laid at trial. The Court finds an insufficient basis for giving this instruction. As stated, the

17   mistake of fact defense holds that where a defendant holds a mistaken belief which "negate[s] the

18   mental state necessary for conviction of the offense with which he or she has been charged, the

19   crime simply has not been committed." *Iron Eyes*, 367 F.3d at 784. Accordingly, to be a valid

20   defense, the mistake of fact must negate the mental state necessary for the crime.

21   The mistake of fact at issue is whether Defendants had the authority to engage in various

22   actions, such as the keeping of estate items in their home, the placing of estate funds in external bank

23   accounts (including, at times, their own), and the like. This mistake regarding the existence and

24   scope of their authority does not *necessarily* negate any required mental state. Thus, for instance,

25   estate items in Defendants' home and the placing of estate funds in personal accounts are probative

26   circumstantial evidence of the Defendants' intent to, for example, steal or embezzle. In this way,

27   any mistake Defendants may have had regarding their authority to do these things provide innocent

28   explanations and are thus probative of the fact that Defendants may not have had the requisite

     mental state. But the mistake does not necessarily *negate* the required mental state. Defendants

could mistakenly believe they were authorized to have estate property in their home or deposit funds in their personal account and still intend to steal the property.  This is simply not a case where the mistake directly negates the required intent, such as where a person lacks the specific intent to steal another person's umbrella because he mistakenly believes it to be his.

In light of the lack of foundation for this instruction, giving it in these circumstances risks jury confusion.  Accordingly, this Court will not give the mistake of fact instruction.